**Evelyn SICHONE, Petitioner,**

v.

**Alberto R. GONZALES,[1] Respondent.**

**No. 04–6048–ag.**

United States Court of Appeals,
Second Circuit.

May 19, 2006.

Samuel N. Iroegbu, Albany, New York, for Petitioner.

Stephen J. Sorenson, Acting United States Attorney for the District of Utah, Elizabethanne C. Stevens, Assistant United States Attorney, Salt Lake City, Utah, for Respondent.

---

1. Attorney General Alberto R. Gonzales is automatically substituted as respondent. *See* Fed. R.App. P. 43(c)(2).

PRESENT: Hon. WALKER, Chief Judge, Hon. JOSEPH M. McLAUGHLIN, and Hon. ROBERT D. SACK, Circuit Judges.

## SUMMARY ORDER

Evelyn Sichone, through counsel, petitions for review of the October 2004 BIA order affirming Immigration Judge ("IJ") Michael Rocco's decision denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Where, as here, the BIA summarily adopts or affirms the IJ's decision without opinion, this court reviews the IJ's decision directly as the final agency determination. *See Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005). This court reviews the agency's legal findings de novo and its factual findings under the substantial-evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Secaida–Rosales v. INS*, 331 F.3d 297, 306–07 (2d Cir.2003).

■ We find no error in the IJ's ruling that "no evidence had been proffered of official persecution by the government or an entity the government cannot or will not control for reasons protected under the [Immigration and Nationality Act (INA).]" IJ Oral Decision at 6; July 23, 2003. Even assuming that Sichone offered sufficient evidence of her membership in a particular social group—Zambians who share the common, currently immutable characteristic of being HIV-positive—she failed to demonstrate that any suffering she might face on account of membership in that group was actually or effectively at the hands of the government. The only alleged link between possible suffering and the Zambian government is contained in Sichone's statement that government hospitals in Zambia do not have HIV medi-cations and that only people with money can afford treatment at the private hospitals. But the government's inability to afford HIV medication for all of its people, however regrettable, is not the sort of extreme treatment that shows persecution within the meaning of the INA. *See generally Fisher v. INS*, 79 F.3d 955, 961 (9th Cir.1996) (en banc) (noting that "[p]ersecution is an extreme concept"). Moreover, the background materials indicate that while HIV-positive persons may be socially stigmatized, the Zambian government "has put in place multi-sectoral comprehensive plan [sic] aimed at identifying a sustained response to the pandemic," that the Zambian government created the National Aids Surveillance Committee and National AIDS Prevention and Control Program in 1986, and that several ministries have adopted workplace programs to raise awareness of HIV among the staff.

■ Because Sichone failed to establish the objective risk of harm necessary for asylum eligibility, the IJ also properly denied her application for withholding of removal, which requires satisfaction of a higher burden of proof and involves the same factual premise as her asylum claim. Lastly, because Sichone's CAT claim shared the same factual premise as her asylum and withholding claims, the IJ reasonably found that she failed to establish "any predicating facts sufficient to support a finding that she will be personally subject to torture." IJ Oral Decision at 7; July 23, 2003; *see Xue Hong Yang v. DOJ*, 426 F.3d 520, 523 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, the pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appel-

late Procedure 34(a)(2) and Second Circuit Local Rule 34(d)(1).